UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09423-JVS-KS Date: September 29, 2026

Title *Shawn Hill v. Andre Gonzalez*

Present: The Honorable: Karen L. Stevenson, Chief Magistrate Judge

| Kerri Hays | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: N/A Attorneys Present for Respondent: N/A

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

## BACKGROUND

On August 21, 2026, Petitioner, a California inmate (CDCR No. D97700) proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus ("Petition"). (Dkt. No. 1.) The Petition, which was erroneously completed on a form for filing state habeas petitions in the California courts, purports to challenge a decades-old conviction of first degree murder, second degree murder, two counts of robbery, and a special circumstance finding of lying-in-wait. (*Id.* at 2); *see also Hill v. Evans*, No. CV 05-03861-JVS (CT), 2009 WL 2869922, at *1 (C.D. Cal. July 27, 2009). Petitioner was sentenced to life in prison without the possibility of parole, plus 21 years. (Dkt. No. 1 at 2); *Hill v. Evans*, 2009 WL 2869922, at *1.

Petitioner has previously filed a federal habeas petition in this Court challenging the conviction and sentence noted above. *See Hill v. Evans*, 2009 WL 2869922, at *1. That petition was denied on the merits and dismissed with prejudice. *See Hill v. Evans*, No. CV 05-3861-JVS (CT), 2009 WL 2905598, at *1 (C.D. Cal. Aug. 31, 2009).

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09423-JVS-KS Date: September 29, 2026

Title *Shawn Hill v. Andre Gonzalez*

petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.* Here, the Court has identified a defect indicating that the Petition must be dismissed as second or successive.

The pending Petition again seeks relief from the same conviction and sentence for which Petitioner previously and unsuccessfully sought relief in this Court in case no. CV 05-03861-JVS (CT). (*See* Dkt. No. 1 at 2); *see also Hill v. Evans*, 2009 WL 2869922, at *1. However, state habeas petitioners generally may only file one federal habeas petition challenging a particular state conviction and/or sentence. *See* 28 U.S.C. § 2244(b)(1) (courts shall dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition); *see also* § 2244(b)(2) (with certain exceptions, courts shall dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also* .

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

As discussed above, the Court denied Petitioner's prior habeas petition with prejudice. *Hill v. Evans*, 2009 WL 2905598, at *1. Therefore, the pending Petition appears to be an unauthorized second or successive petition, and before this Court may consider it, Petitioner must first seek authorization from the Ninth Circuit. 28 U.S.C. § 2244(b)(3); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09423-JVS-KS Date: September 29, 2026

Title *Shawn Hill v. Andre Gonzalez*

**CONCLUSION**

**Petitioner is ORDERED TO SHOW CAUSE, ON OR BEFORE OCTOBER 29, 2026, why the Petition should not be dismissed** as an unauthorized second or successive petition. *See* 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157.

To discharge the Order to Show Cause, Petitioner must file: (1) a First Amended Petition that explains why this action is not second or successive because Petitioner is not challenging the same conviction or sentence as he did in his prior federal habeas petition; or (2) proof of authorization from the Ninth Circuit to file a second or successive petition.

**Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules and 28 U.S.C. § 2244(b).**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

:

**Initials of Preparer** klh